UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-177 |
| v. | * | SECTION: "B" |
| SEAN MARTIN | * | |

* * *

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR DETENTION

**NOW INTO COURT** comes the United States of America, represented herein by the undersigned Assistant United States Attorney, who respectively submits this memorandum in support of its oral motion that defendant, Sean Martin, be detained pending trial.

### SUMMARY OF ARGUMENT

Defendant, previously convicted in this District with a serious drug felony, is charged here with conspiring to distribute over one kilogram of heroin, over 400 grams of fentanyl, and cocaine hydrochloride in the New Orleans metropolitan area, as well as with possessing a firearm in furtherance of his drug trafficking activities. As a consequence, he faces a 20-year mandatory minimum sentence, providing him with significant incentive to flee or obstruct justice. His prior 10-year federal sentence and period of supervised release did not deter him from further criminal activity, and if released, he is likely to commit additional crimes. Defendant is both a flight risk and a danger to the community, and therefore, should be detained.

## PROCEDURAL HISTORY

In December 2021, a grand jury in the Eastern District of Louisiana returned a six-count indictment charging defendant and two other individuals[1] with violations of the Controlled Substances Act and the Federal Gun Control Act.  Specifically, defendant was charged with one count of conspiracy to distribute and possess with the intent to distribute heroin, fentanyl, and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846; one count of possession with the intent to distribute heroin, fentanyl, and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 18 U.S.C. § 21; one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2; one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Defendant was arrested on January 6, 2022, and his initial appearance occurred on January 7, 2022.  At his initial appearance, the government orally moved for defendant's detention.  (Rec. Doc. 13.)

## FACTUAL BACKGROUND

This indictment arises out of a long-term wiretapping investigation conducted by the Drug Enforcement Administration ("DEA") in late 2019.  During that time, the Court issued an order authorizing wiretapping over a cellular telephone utilized by defendant.  Over that wiretap, DEA intercepted numerous telephone calls related to drug trafficking.

For instance, DEA intercepted telephone calls on November 13, 2019 between defendant and Co-conspirator-1.  During those calls, defendant and Co-conspirator-1 arranged to meet at a location in New Orleans, where defendant planned to provide Co-conspirator-1 with a quantity of

---

[1] Those two individuals have yet to be arrested, and the indictment remains sealed as to those two co-defendants at this time.  Herein, the government refers to those individuals as Coconspirator-1 and Coconspirator-2.

heroin. At around that time, DEA conducted surveillance and observed defendant at an apartment complex near City Park, in New Orleans. Additionally, DEA obtained surveillance video from inside the complex showing defendant entering and exiting an apartment, which was the residence of Co-conspirator-2. Defendant traveled directly from the apartment complex to the meeting with Co-conspirator-1. DEA followed Co-conspirator-1 to another location, where he was stopped and searched. DEA seized approximately 53 grams of heroin from Co-conspirator-1, which based on the aforementioned evidence, was distributed by defendant.

Later that day, DEA intercepted a telephone call between defendant and Co-conspirator-2, during which defendant described that he was "heading to the trap." Agents know that the term "trap" or "trap house" is commonly used by drug traffickers to refer to locations where they store drugs. At that time, surveillance video from the aforementioned apartment complex showed defendant entering Co-conspirator-2's apartment.

On November 19, 2019, members of DEA executed a federal search warrant at Co-conspirator-2's apartment. DEA searched in the ceiling in the bathroom and located a total of approximately 562 grams of a mixture of heroin and fentanyl, approximately 683 grams of heroin, approximately 8 grams of heroin and cocaine, and approximately 13 grams of cocaine hydrochloride. Additionally, next to the drugs, DEA located approximately $2,000 of U.S. currency and one loaded Smith and Wesson 9mm semiautomatic pistol. The below photograph depicts some of the contraband seized from the apartment.



In June 2021, members of the DEA traveled to defendant's residence to attempt to interview him regarding his drug-trafficking activities.  On that date, defendant spoke to agents and denied any involvement.  Agents then left the area but continued to conduct surveillance of defendant.  Defendant traveled to another location where several other targets of this investigation were located.  Defendant met privately with one of those targets and engaged in a conversation.  DEA believes that defendant informed that individual of the existence of the DEA investigation as an attempt to obstruct justice.  Subsequently, DEA attempted to contact defendant over the telephone to arrange to provide him with a target letter, but defendant would not answer the phone and otherwise avoided law enforcement.

## DEFENDANT'S CRIMINAL HISTORY

This is not defendant's first interaction with the federal criminal justice system.  In 2000, in the United States District Court for the Eastern District of Louisiana, under case number 99-cr-

4

00088-SSV, defendant was convicted of conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846.  Defendant was sentenced to 120 months of imprisonment followed by 5 years of supervised release.  Due to this prior conviction, defendant faces an enhanced mandatory minimum sentence of 15 years imprisonment on counts 1 and 2 of the indictment.  Additionally, count 3 carries a mandatory minimum sentence of 5 years, which must run consecutively to any other term of imprisonment.  *See* 18 U.S.C. § 924(c).  Consequently, if convicted of the charges in the indictment, defendant faces an aggregate mandatory minimum sentence of 20 years imprisonment, up to life imprisonment, followed by at least 10 years of supervised release.

## ARGUMENT

Defendant should be detained pending trial.  For the reasons discussed below, defendant poses both a risk of flight and a danger to the community, and therefore, cannot overcome the statutory presumption in favor of detention in this case.  Under 18 U.S.C. § 3142, upon a finding that no condition or combination of conditions "will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community," the judicial officer shall order the defendant detained pending trial.  The government must show risk of flight by a preponderance of the evidence and risk of danger to the community by clear and convincing evidence. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); 18 U.S.C. § 3142(f).  "For pretrial detention to be imposed on the defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The factors to be considered in making such a determination are outlined in 18 U.S.C. § 3142(g), and include:  (1) the nature and circumstances of the offense charged, including whether

it involves a controlled substance; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant, including her financial resources and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. With respect to the danger to the community, a risk of continued drug trafficking constitutes a risk to the community. *See Rueben*, 974 F.2d at 586.

Further, section 3142(e) provides for a statutory rebuttable presumption that no such condition or combination of conditions exist which will reasonably assure the appearance of the person as required and the safety of the community, if the judicial officer finds that there is probable cause to believe that, as here, the defendant committed a violation of the Controlled Substances Act that is punishable by 10 or more years of imprisonment or an offense under 18 U.S.C. § 924(c). An indictment provides probable cause that a defendant committed an offense. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987). The rules of evidence do not apply at detention hearings, and the government is entitled to present evidence by way of proffer, among other means. *See* 18 U.S.C. § 3142(f); *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (every circuit to consider the issue has permitted the government to proceed by way of proffer in a detention hearing); *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987); *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206-07 (1st Cir. 1985); *see also United States v. Perez*, 17 F.Supp.3d 586, 595 n.10 (S.D. Tex. 2014) ("[I]t is generally accepted that the government may proceed by proffer at a detention hearing.").

I.     Defendant Poses a Flight Risk

The nature of the charged conduct in this case, the seriousness of the offenses, and the characteristics of defendant demonstrate that he is a flight risk. First, the nature and circumstances

of the offense favor detention.  As described in the indictment, defendant is charged with serious criminal conduct involving firearms and controlled substances.  Moreover, he is a repeat serious drug offender, having been previously convicted in this Court with a drug felony resulting in a sentence of 10 years of imprisonment.  As the Fifth Circuit has recognized, "drug offenders pose a special risk of flight and dangerousness to society."  *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).  This risk of flight is only enhanced when the defendant possesses firearms to protect his drug enterprise.

In addition, there is a presumption of detention because defendant is charged with violations of the Controlled Substances Act carrying a mandatory minimum of 15 years, as well as violations of 18 U.S.C.§ 924(c).  In sum, defendant faces an aggregate mandatory minimum sentence of at least 20 years.  Defendant, therefore, has a strong incentive to flee.  *See United States v. Prieto*, 19 F.3d 16 (5th Cir. 1994) (lengthy prison sentence of over 10 years consideration in favor of detention).  Moreover, as described above, when approached by law enforcement, he actively avoided further contact and attempted to obstruct justice by likely warning other targets of the existence of the investigation.  Only detention would ensure defendant's appearance in court.

    II.    <u>If Released, Defendant is Likely to Continue to Engage in Criminal Conduct</u>

Defendant also poses a danger to the community.  Several courts have noted the particular danger presented by the combination of guns and drugs.  *See United States v. Pitts*, No. 09-204, 2010 WL 3303800, at *4-5 (W.D. Penn. Aug. 19, 2010) (collecting cases); *cf. United States v. Dorsey*, No. 11-119, 2021 WL 2593525, at *5 (E.D. La. June. 24, 2021) (Morgan, *J.*) ("The combination of drugs and guns constitutes a very serious danger to the community.")  Here, the drugs and firearm were possessed by defendant and Co-conspirator-2 in a residential apartment building where numerous other individuals resided, creating a danger to residents and visitors.

7

Additionally, defendant's illegal activity is unlikely to stop if he is ordered released. After he was convicted of federal drug charges, served a 10-year sentence, and served an additional period of supervised release, he returned to drug trafficking. Indeed, his conduct appears to be escalating given the presence of a firearm. Additionally, when confronted by law enforcement, his first impulse was to attempt to obstruct justice by warning other members of his drug organization. Given that a prior conviction and period of supervision did not deter defendant from further criminal activity, it is likely that were he to be released, defendant would again commit further criminal activities. Defendant constitutes a continuing danger to the community, and should be detained pending trial.

## CONCLUSION

Here, both the risk that defendant will flee and the danger that the defendant poses to the community demonstrates that only detention will mitigate those risks. Accordingly, the government respectfully submits that defendant cannot meet his burden to overcome the presumption of detention, and that there are no conditions of bail that would assure defendant's future appearance in court or preserve the safety of the community.

**WHEREFORE**, the Government respectfully submits that defendant should be detained pending trial.

>Respectfully submitted,
>
>DUANE A. EVANS
>UNITED STATES ATTORNEY
>
>/s/ Jonathan L. Shih
>JONATHAN L. SHIH
>Assistant United States Attorney
>650 Poydras Street, Suite 1600
>New Orleans, Louisiana  70130
>Telephone:  (504) 680-3073
>Email:  jonathan.shih@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

>/s/ Jonathan L. Shih
>JONATHAN L. SHIH
>Assistant United States Attorney