UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-177 |
| v. | * | SECTION: "B" |
| SEAN MARTIN, et. al | * | |

\* \* \*

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO EXCLUDE GOVERNMENT'S NOTICED RULE 404(B) EVIDENCE**

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the United States of America and files the government's Opposition to Defendant Sean Martin's Motion to Exclude Government's Notice Ruled 404(b) Evidence.[1] For the reasons discussed below, and in the government's Notice of Its Intent to Introduce Rule 404(b) Evidence, Rec. Doc. 88, which is incorporated herein by reference, the noticed evidence should be admitted.

As discussed in more detail in the government's notice of its intent to introduce Rule 404(b) evidence, the DEA and the FBI had a wiretap on Sean Martin's phone back in 2019. Despite Martin being very guarded on the phone, the agents ultimately were able to secure a search warrant for an apartment rented by Martin's son, Sean Esprit, that Martin also accessed frequently. During the search of that apartment, agents found a kilogram of heroin, fentanyl, cocaine, and a gun.

The trial of this matter is going to be all about whether Martin conspired with his son (and others) to deal drugs and jointly possessed the items that were seized from the apartment. That is, the whole case will be about Martin's knowledge and intent, as there is no question that the drugs

---

[1] The government's Rule 404(b) notice, which was filed in January 2023, included evidence of Gene Jackson's prior felony drug distribution convictions. *See* Rec. Doc. 88. Martin requested an extension of the date to respond to the government's notice until March 1, 2023. Jackson filed a request to file his opposition out of time last night, March 20, 2023, which is the day before the government's response to Martin's pleading was due under the Local Rules. If the Court allows Jackson's out of time pleading, the government respectfully requests an opportunity to respond.

were in fact drugs, that the amounts were consistent with distribution and not personal use, and that the gun, which was right by the drugs, was possessed in furtherance of the drug activity.

The government is going to show Martin's guilty knowledge and intent by proving various instances in which Martin would arrange to meet with drug customers and/or sources, pass by the apartment briefly while Esprit was not home, and then meet with the customers/sources in his or their vehicles.  As Martin's motion makes clear, he intends to argue that these meetings were innocent in nature and that he had no idea what Esprit was doing in the apartment.

In evaluating that defense and determining whether Martin had criminal intent, the jury should hear that this is not Martin's first foray into drug trafficking.  In the late 1990s, Martin was part of a major drug trafficking operation and pleaded guilty in federal court to a cocaine conspiracy involving very large quantities of cocaine.  He did not deal drugs again until the early 2010s because he spent about a decade in federal prison.  Not long after he was released, Martin was intercepted on a federal wiretap arranging meetings with Harry Barry.  As in this case, the calls are not overtly criminal in nature.  They discuss arranging meetings.  They then have short meetings generally in vehicles.  Less than two months after these calls, agents arrested Barry in possession of a kilogram of heroin.  Barry ultimately pleaded guilty to federal drug charges covering the same time he was having the cryptic calls with Martin.

The relevant case law recognizes the difficulty of proving intent generally, and more specifically the difficulties of proving intent in drug conspiracy cases such as this one.  *See United States v. Roberts*, 619 F.2d 379, 383 (5th Cir. 1980) (referencing the "unique nature of conspiracy charges" and noting that "[c]harges of conspiracy involve considerations not present in other criminal prosecutions: '[t]he offense of conspiracy requires an element of intent or knowledge which is often difficult to prove.'" (*Id.* at 382, quoting *United States v. McMahon*, 592 F.2d 871,

875 (5th Cir. 1979)); *accord United States v. Harrison,* 942 F.2d 751, 760 (10th Cir. 1991); *United States v. Darden,* 70 F.3d 1507, 1539 (8th Cir. 1995). That difficulty is heightened here, where Martin's son has pleaded guilty to possessing the drugs and gun, the phone calls from the wires are not overtly criminal in nature, and no one is willing to testify for fear of being killed.

The relevant case law, including the cases Martin cites, recognizes that when a defendant pleads not guilty in a drug conspiracy case, the defendant puts his intent at issue such that the first step of the *Beechum* test is satisfied. *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009) (where a defendant enters a plea of not guilty in a conspiracy case, the first prong of the *Beechum* test is satisfied); *United States v. Moody*, 564 F.3d 754, 764 (5th Cir. 2009) (defendant charged with of intent to distribute crack; intent by definition is material to this charge and makes evidence of prior related crimes relevant under rule 404(b)); *United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008) (crime of distribution of crack required government to prove general intent and evidence of past crack conviction was admissible because relevant to prove that intent); *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005) (district court did not abuse its discretion by admitting extrinsic evidence of a prior conviction when prior and current offenses were identical, and since defendant pled not guilty, the issue of intent was sufficiently raised to permit the admission of the evidence); *United States v. Gadison*, 8 F.3d 186 (5th Cir. 1993) (defendant put his intent at issue when he pled not guilty to conspiring to distribute cocaine base; defendant's prior possession of cocaine conviction was relevant to his intent).

The only issue then is whether the evidence of the prior acts is admissible pursuant to *Beechem*'s second step, which requires the Court to engage in a Rule 403 balancing analysis. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

3

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." To be excluded on Rule 403 grounds the evidence must be *unfairly* prejudicial, not simply prejudicial since all evidence detrimental to the defendant's case is prejudicial. *See Old Chief v. United States*, 519 U.S. 172, 193 (1997).

The Fifth Circuit has endorsed a broad approach to the admissibility of prior drug convictions for 404(b) purposes. The Fifth Circuit considers Rule 404 as one of inclusion, that admits evidence of other acts relevant to a trial issue except where such evidence tends to prove only criminal disposition. *United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983). The rule is exclusionary only as to evidence admitted to establish bad character; as such, it very broadly recognizes admissibility of prior crimes for other purposes. *Id.; United States v. Beechum,* 582 F.2d 898, 910 (5th Cir. 1978); *see also United States v. King*, 703 F.2d 119, 125 (5th Cir. 1983) ("[T]his [Rule 403 balancing] test takes an inclusionary and not an exclusionary approach.").

I.   **Martin's Prior Drug Trafficking Conviction**

According to Martin, his prior federal drug trafficking conviction should be excluded on Rule 403 grounds because "its weak probative value as a result of its dissimilarity and temporal remoteness, are outweighed by its unfair prejudice to Martin." Rec. Doc. 95-1 at 7.

The government disagrees that the prior drug conspiracy and the instance offense are so dissimilar as to undermine the probative value of the prior conviction. Although it is true that one involved large amounts of cocaine and the other involved large amounts of heroin and fentanyl and small amounts of cocaine, all the elements of the two crimes are the same. In both instances, Martin knowingly agreed with other members of the conspiracy to distribute narcotics. The Fifth Circuit has held several times that evidence of trafficking in one drug is admissible under Rule 404(b) in a case alleging trafficking in a different drug. *United States v. Booker,* 334 F.3d 406,

4

412 (5th Cir. 2003) (finding no unfair prejudice from evidence of seizure of 178 kilograms of marijuana to show intent in a crack cocaine conspiracy); *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996) (finding no unfair prejudice from admission of "conviction for possession of fifty to 200 pounds of marijuana" with intent to distribute to show intent to distribute cocaine).

Similarly, that the prior conviction involved a different group of conspirators does not make the conduct so dissimilar as to diminish its probative value on the issue of intent/mistake. In the vast majority of cases, a prior drug trafficking conviction does not involve the same players as the conduct underlying the new case. But courts nonetheless routinely admit that prior conduct with different conspirators in new cases. There is no rule that for a prior conviction to have probative value, the same players must be involved. The conduct is similar at the level that matters—Martin previously indulged a criminal intent to conspire to distribute narcotics and a jury evaluating whether his asserted lack of knowledge and intent in this case is true is allowed to consider that prior indulgence.

The government recognizes that the conviction is old, but much of that age is because Martin was in prison for about a decade. Shortly after his release, Martin was back in the drug game, having cryptic calls with a known drug trafficker setting up brief meetings where Martin and the drug dealer would hop in each other's cars for short meetings. Martin should not benefit from the fact that his prior conviction involved such large quantities that he was sentenced to a decade in prison and thus had a large gap in his criminal activity.

In any event, the age of the prior convictions does not bar their use under Rule 404, and the Fifth Circuit has approved the admission of convictions of a similar age as the ones at issue here. *United States v. Arnold*, 467 F.3d 880, 885(5th Cir. 2006) (finding no abuse of discretion in the admission of evidence of prior convictions that were 15 and 18 years old); *United States v.*

*Chavez*, 119 F.3d 342, 346 (5th Cir.1997) (finding no abuse of discretion in the admission of a 15 year old conviction), *Broussard*, 80 F.3d at 1040 (finding no prejudice from admission of prior conviction that was more than 10 years before the charged offense).

Martin also takes issues with the government's arguments from its Notice that the potential prejudice of introducing the prior conviction was lessened by that same conviction being the predicate disqualifying felony conviction for the felon in possession count and the government having to prove up the prior conviction for the alleged enhancement under Section 851 to apply.

In response to the first argument, Martin "agrees to stipulate to the fact that his prior conviction satisfies the prior conviction element of 18 U.S.C. § 922(g)(1), and further, that it was not for a conviction excluded pursuant to 18 U.S.C. § 921(a)(20)." Rec. Doc. 95-1 at 10. If Martin will stipulate pursuant to *Old Chief* that he was a convicted felon, the government agrees that introducing the actual conviction on the grounds that it proves up the felon in possession count is not a viable basis to introduce the conviction. If he stipulates to the felony conviction, the test remains the typical Rule 403 balancing analysis.

In response to the second argument about proving the enhancement, Martin argues that the prior conviction is a sentencing factor not to be submitted to the jury. Rec. Doc. 95-1 at 14-15. He bases the argument on *Alemendarez-Torrez*, which held that a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt, even though it increases the mandatory penalty. 523 U.S. 224, 226-27 (1998).

In general, the Sixth Amendment requires a jury to decide any fact that increases the statutory maximum or mandatory-minimum sentence available for a crime. *Alleyne v. United States*, 570 U.S. 99, 103, 111 n.1 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). But there is an exception to this rule for the "fact of conviction." This exception stems from

*Almendarez-Torres*. The Court has described *Almendarez-Torres* as an "exceptional departure from" and "narrow exception to the general rule." *Apprendi*, 530 U.S. at 487, 490; *see also Alleyne*, 570 U.S. at 111 n.1 ("In *Almendarez-Torres*[ ], we recognized a narrow exception to this general rule for the fact of a prior conviction."); *United States v. Haymond*, ⸺ U.S. ⸺, 139 S. Ct. 2369, 2377 n.3, 204 L.Ed.2d 897 (2019) (plurality) (stating that *Almendarez-Torres* provides a "narrow exception[ ] to *Apprendi*'s general rule").

The difficulty here is that the First Step Act changed what is required to be shown to enhance a defendant's sentence. Section 841(b)(1)(A), under which Martin is charged, provides for a fifteen-year-minimum sentence if a defendant commits certain violations of 21 U.S.C. § 841(a) "after a prior conviction for a serious drug felony ... has become final[.]" Prior to the First Step Act, this enhancement provided for a mandatory minimum twenty year sentence after a prior final conviction for a "felony drug offense," which included certain drug-related state or federal offenses punishable by more than a year of imprisonment. 21 U.S.C. § 802(44); First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(A)(ii), 132 Stat. 5194, 5220. The First Step Act lowered this mandatory minimum to fifteen years and replaced "felony drug offense" with a new term, "serious drug felony." First Step Act § 401(a)(1), (a)(2)(A)(ii). Relevant here, a "serious drug felony" is (1) a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A), for which the defendant (2) served over a year in prison and (3) was released within fifteen years of the commencement of the instant offense. 21 U.S.C. § 802(57).

The issue then is whether the Sixth Amendment requires a jury to decide whether Martin was incarcerated for over a year and released within fifteen years of the instant offense, as those additional factual predicates are arguably not the same as the "fact of conviction." *Alleyne* and *Apprendi* described the *Almendarez-Torres* exception as "narrow" and applying only

to the fact of conviction, and the First Step Act's incarceration facts extend beyond the fact of conviction.  Further, in justifying the *Almendarez-Torres* exception, the Court has explained that prior convictions are "constitutional[ly] distinct[ ]" because "unlike virtually any other consideration used to enlarge the possible penalty for an offense, ... a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees."  *Jones v. United States*, 526 U.S. 227, 249 (1999).  That rationale would not seem to apply to post-conviction facts regarding time served or recency of release.  Those are *new* facts never previously found in a proceeding with built-in constitutional protections.

On the other hand, the Court has also sometimes used a broader justification for the *Almendarez-Torres* exception.  The Court has justified the exception on the basis that, traditionally, facts involving recidivism have been within the province of judicial fact-finding and that these facts are usually unconnected with the substantive offense at issue.  *See Almendarez-Torres*, 523 U.S. at 243 (noting that "the sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"); *Jones*, 526 U.S. at 235 (making similar point); *Apprendi*, 530 U.S. at 488 (pointing out that *Almendarez-Torres* emphasized "the fact that recidivism does not relate to the commission of the offense").  If *Almendarez-Torres* creates an exception more broadly for "recidivism," there is a case for saying that the incarceration-related facts are a good fit for the exception.  They arguably relate only to recidivism, and they are completely unconnected to the current offense.

This issue of what must be pleaded and proven to a jury for an enhancement under Section 851 is just starting to work its way through the federal courts.  Two district court decisions directly addressing the Sixth Amendment implications of the new "serious drug felony" incarceration facts have reached opposite conclusions.  In *United States v. Fields*, 435 F. Supp. 3d 761, 764 (E.D. Ky.

8

2020), the district court held that the jury must decide these facts, emphasizing the Court's clear statements that the *Almendarez-Torres* exception is "narrow" and limited solely to the "fact of conviction." *See also United States v. Beal*, No. 18-00070, 2021 WL 4524159, at *3 n.6 (D. Haw. Oct. 4, 2021) (stating "that the more conservative approach would be to put the question of the serious drug felony determination to the jury before its dismissal"). But a North Carolina district court has held the opposite, relying more heavily on the "recidivism" justification. *See United States v. Lee*, 2021 WL 640028, at *3-7 (E.D.N.C. Feb. 18, 2021) ("The exception for the fact of a prior conviction is based in the recognition that recidivism does not relate to the commission of the offense."); *see also United States v. Fitch*, No. 19-CR-30, 2022 WL 1165000, at *2 (N.D. Ind. Apr. 19, 2022) (concluding that, although the First Step Act added new facts to consider, those facts are still facts of a prior conviction).

The government's position is that the better practice is to plead and prove the facts that give rise to the enhancement, which is why the indictment contains an allegation that Martin was previously convicted of a serious drug felony, that he served more than twelve months, and that he was released within fifteen years of the instant offense. The Fifth Circuit has noted that numerous members of the federal judiciary, including members of the Supreme Court, have concluded that *Alemendarez-Torres* was wrongly decided. *See United States v. Garza-De La Cruz*, 16 F.4th 1213, 1215 (5th Cir. 2021). It is not worth committing a potential Sixth Amendment violation as part of Martin's effort to keep out evidence that is admissible under Rule 404(b). That the government will need to present evidence of Martin's prior conviction to prove up the enhancement underscores that Martin will not be unfairly prejudiced by its admission.

## II. Martin's Prior Drug Trafficking Activity with Harry Barry

Unlike with his prior conviction, Martin was not charged or convicted when DEA agents

intercepted him on wiretaps they were conducting on a phone used by Harry Barry in the summer of 2011. The calls and related surveillance nonetheless are relevant because they show Martin arranging meetings with a known and convicted drug trafficker and meeting with him. In addition, Martin was using the same phone to call Barry that was tapped in the instant case, making the prior evidence relevant to identity as well.

As to the latter point, Martin does not deny that he used the same phone to call Barry that was tapped as part of the instant case. He further writes that he does not deny he was the individual using the 504-201-6450 number both during the Barry wiretap and during the wiretap that was part of the investigation of the instant case. If he is willing to stipulate to those facts at trial, the government agrees the admission of the evidence should be based on intent rather than identity.

According to Martin, the evidence related to his interactions with Barry is not relevant at all because the government cannot prove that Martin in fact trafficked drugs with Barry. Rec. Doc. 95-1 at 12. Much as with his apparent defense to the instant charges, Martin argues that the calls and meetings with Barry were innocent in nature and insufficient to prove even by a preponderance of evidence that Martin was engaged in drug trafficking. Without a sufficient factual basis to conclude the activity was criminal in nature, Martin contends it is not even relevant and should be excluded as "unsubstantiated innuendo." *Id*. at 13.

The government is cognizant of the danger of going down a rabbit hole at trial, spending excessive time attempting to prove that Martin in fact conspired with Barry. The trial of this matter is not about Martin and Barry conspiring but rather Martin conspiring with Esprit, Jackson, and others. Martin's prior dealings with Barry, however, are relevant to proving the alleged conspiracy. Martin is a sophisticated and experienced drug dealer. He had just finished serving a decade in federal prison after admitting to participating in a large-scale cocaine conspiracy

10

involving some of the most dangerous men in the city. Within two years of his release, Martin was being intercepted on federal wire taps engaging in cryptic conversations and meetings with Barry. Just as is the case with the current charges, Martin was not overtly discussing drugs on the calls with Barry and not openly conducting drug transactions during their meetings. But when he claims that the cryptic conversations are completely innocuous and not simply a savvy dealer avoiding phone conversations, the government can introduce prior instances in which Martin was having similarly cryptic conversations and meetings with a different drug dealer.

To the degree the Court has concerns about unfair prejudice, limiting instructions rather than outright exclusion is the appropriate remedy. The Fifth Circuit has repeatedly explained that any unfair prejudice from Rule 404(b) evidence may be mitigated, if not eliminated, when the district court gives a limiting instruction contemporaneously with the admission of the evidence.[2]

## CONCLUSION

For the foregoing reasons and authorities, the evidence of Martin's prior conviction should be admitted as both intrinsic evidence to prove the charged sentencing enhancement and/or extrinsic evidence of intent on the drug charges and the wiretap evidence from the Harry Berry wire should be admitted as extrinsic evidence of intent.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY


/s/ David Haller
DAVID HALLER
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3117

---

[2] *See, e.g.*, *Moody*, 564 F.3d at 764; *McCall*, 553 F.3d at 829; *Peters*, 283 F.3d at 312.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                        /s/ David Haller
                        DAVID HALLER
                        Assistant United States Attorney