UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-177 |
| v. | * | SECTION: "B" |
| SEAN MARTIN, et. al | * | |

\* \* \*

**GOVERNMENT'S OPPOSITION TO GENE JACKSON'S MOTION
TO EXCLUDE GOVERNMENT'S NOTICED RULE 404(B) EVIDENCE**

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the United States of America and files the government's Opposition to Defendant Gene Jackson's Opposition to the Government's Noticed Ruled 404(b) Evidence. Rec. Doc. 104. For the reasons discussed below, and in the government's Notice of Its Intent to Introduce Rule 404(b) Evidence, Rec. Doc. 88, which is incorporated herein by reference, the noticed evidence should be admitted.

As discussed in more detail in the government's notice of its intent to introduce Rule 404(b) evidence, law enforcement agents had a wiretap on co-defendant Sean Martin's phone back in 2019. During an intercepted call, Martin and Gene Jackson arranged to meet. After getting off the call, Martin passed by an apartment rented by Martin's son, Sean Esprit, entered briefly without Esprit being home, and then traveled directly to meet Jackson. Agents surveilled their brief meeting and then followed Jackson as he drove away. Before Jackson had a chance to stop again, agents pulled him over and found over 50 grams of heroin in his possession. Jackson declined to tell the agents where he had gotten the heroin.

Jackson was charged in this case with conspiring with Martin to distribute heroin and with possessing the heroin he had during the stop with the intent to distribute it. Rec. Doc. 1. That is,

he is charged with both a conspiracy and a substantive drug offense. *Id*. Jackson has pleaded not guilty to all charges and is set for trial in early May 2023.

In early January 2023, the government noticed its intent to introduce Jackson's two prior drug trafficking convictions under Rule 404(b). The first was a state conviction for possession with intent to distribute cocaine. The second was a federal conviction in which Jackson pleaded guilty to three counts of distribution of heroin to a confidential information, one count for selling approximately 7 grams and the other two counts for selling approximately 14 grams each time.

According to Jackson, the prior convictions are not admissible under Rule 404(b) because his "prior *substantive* drug offenses are not relevant to the issue of intent on the *conspiracy* charge in this case." Rec. Doc. 107 at 3 (emphasis in original). The problem with this argument is that Jackson is charged not only with conspiracy to deal heroin, but also with a substantive count of possession with the intent to distribute the heroin from the stop. There are numerous Fifth Circuit cases holding that *Beechem*'s first prong—relevant on a non-propensity ground—is satisfied when the prior conduct involved an intent to distribute. *See*, *e.g.*, *United States v. Moody*, 564 F.3d 754, 764 (5th Cir. 2009) (defendant charged with of intent to distribute crack; intent by definition is material to this charge and makes evidence of prior related crimes relevant under rule 404(b)); *United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008) (crime of distribution of crack required government to prove general intent and evidence of past crack conviction was admissible because relevant to prove that intent); *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005) (district court did not abuse its discretion by admitting extrinsic evidence of a prior conviction when prior and current offenses were identical, and since defendant pled not guilty, the issue of intent was sufficiently raised to permit the admission of the evidence).

Next Jackson argues that his 1999 state conviction for possession with the intent to distribute cocaine is not relevant because the government is only aware of the conviction and does not have information about the underlying facts. The government is still not in possession of additional information about the charges beyond the fact of the conviction and does not anticipate getting more information about the underlying facts. Jackson cites *United States v. Hall*, 858 F.3d 254, 260 (4th Cir. 2017), in support of his argument for exclusion on this ground. That case, however, is not binding on the Court and has a vigorous dissent by Judge Wilkinson arguing that it was obvious that the prior convictions were admissible under Rule 404(b).

The issue of proving prior conduct by conviction only is addressed at great length in a decision from the District of Colombia. *See United States v. Thorne*, No. CR 18-389 (BAH), 2020 WL 122985, at *12 (D.D.C. Jan. 10, 2020). After noting that "[t]he notion that a prior conviction judgment, standing alone, has 'little evidentiary relevance' has gained traction in some jurisdictions . . . [y]et, the judgment for a prior distribution conviction involving the same distributional intent as the crime charged has 'self evident' probative similarities, *United States v. Hall*, 858 F.3d 254, 292 (4th Cir. 2017) (Wilkinson, J., dissenting), and use of a conviction judgment to establish this fact has the added benefit of avoiding re-trying the Rule 404(b) conduct, a task that would impose on the jury the concomitant burden of assessing the strength of the evidence not only for the charged conduct at issue but also underlying the prior conviction." *Thorne*, 2020 WL 122985, at *n.12. In footnote 15 of that same opinion, the court explained in great detail how the Circuit Judge who wrote *Hall*, who had previously served on North Carolina state appellate courts, had essentially imported the North Carolina rule into *Hall*. Undersigned counsel is aware of no Fifth Circuit cases holding that a prior conviction is not relevant under Rule 404(b) if the conviction itself is the only fact proving the prior acts. As explained at length in

3

*Thorne*, the dissent in *Hall* has the better argument, and the government urges the Court not to adopt the limiting rule Jackson proposes. In any event, even were the Court inclined to adopt that rule, this argument only applies to the state court conviction, not the prior federal conviction.

Jackson's last argument is that the prior federal conviction for three counts of distribution of heroin should be excluded because it is "not similar to the offense charged." Rec. Doc. 104 at 4. Jackson argues that the prior conviction was for three sales of small amounts of heroin and here Jackson is accused of possession with the intent to distribute over 50 grams. *Id*. But the conduct is not so dissimilar as Jackson claims. The prior case involved distributions of 7, 14, and 14 grams. For Jackson to be selling in these ¼ ounce and ½ ounce quantities, he almost surely would have been purchasing somewhat larger quantities, as it is typical for a dealer to buy a larger amount and then break it down into smaller amounts to sell to customers. Here, the prior conduct involved the same type of activity (distribution/possession with the intent to distribute), the same drug (heroin), and roughly the same quantities (purchases of a few ounces and sales of ¼ and ½ ounces).

That Jackson has previously possessed illegal narcotics with the intent to distribute and distributed heroin on several occasions increases the likelihood that he knew about the heroin seized from his vehicle and that he possessed that heroin to distribute it and not for personal use. The prior evidence is thus relevant on non-propensity grounds, satisfying *Beechem*'s first step.

Jackson argues that even if the evidence is relevant under *Beechem*'s first prong, that it should nonetheless be excluded under the second prong because the probative value is substantially outweighed by the danger of unfair prejudice. Rec. Doc. 104 at 5-7.

Because Jackson's prior drug convictions—in particular, the federal heroin distribution conviction—are highly probative of intent, a correspondingly greater showing of unfair prejudice is required to exclude the evidence. *See, e.g., United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th

Cir. 1982) ("[T]he greater the degree of probativeness possessed by the evidence, the greater the showing of unfair prejudice that will be required to exclude the evidence."). To be excluded on Rule 403 grounds the evidence must be *unfairly* prejudicial, not simply prejudicial since all evidence detrimental to the defendant's case is prejudicial. *See Old Chief v. United States*, 519 U.S. 172, 193 (1997) (citing *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("Of course, 'unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'")).

The Fifth Circuit has repeatedly approved of the admission of evidence of other narcotics activity in drug trials, as it is extremely probative of a defendant's current state of mind and his association with drugs and drug trafficking.[1] Indeed, the Fifth Circuit has consistently held the probative value of an extrinsic drug offense exceeds the potential for any undue prejudice, even when the prior acts involved different controlled substances.[2] There is nothing inflammatory about Jackson's prior drug conduct that would warrant exclusion. Here, Jackson is alleged to have been purchasing and then possessing with the intent to distribute a little less than two ounces of heroin. The prior federal conviction involved him distributing ¼ and ½ ounce quantities of heroin. The similarity between the prior conduct and the instant conduct is obvious. Although Jackson argues

---

[1] *See Cockrell*, 587 F.3d at 680 (The probative value of prior drug conspiracy convictions is not substantially outweighed by unfair prejudice); *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002) (evidence of defendant's prior acts were highly probative to prove his knowledge of and experience with crack cocaine sales in the area and his continuing intent to sell crack cocaine).

[2] *See United States v. Thomas*, 348 F.3d 78, 86 (5th Cir. 2003) (Evidence of prior convictions for cocaine-related offenses was probative of the requisite state of mind or intent to participate in the present cocaine-related offenses; probative value outweighed prejudice.); *United States v. Booker,* 334 F.3d 406, 412 (5th Cir. 2003) (finding no unfair prejudice from admission of evidence of seizure of 178 kilograms of marijuana to show intent in a crack cocaine conspiracy); *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996) (finding no unfair prejudice from admission of "conviction for possession of fifty to 200 pounds of marijuana" with intent to distribute to show intent to distribute cocaine).

that the government can rely on "the amount and value of the heroin alone" to prove his intent to distribute, he is not offering to stipulate that if the government proves possession, he will admit that the possession was with the requisite intent. The government still has the difficult burden of proving intent, and the prior acts evidence is important to do so, as the cases recognize.

Finally, to the degree the Court has concerns about unfair prejudice, limiting instructions rather than outright exclusion is the appropriate remedy. The Fifth Circuit has endorsed a broad approach to the admissibility of evidence for 404(b) purposes. The Fifth Circuit considers Rule 404 as one of inclusion, that admits evidence of other acts relevant to a trial issue except where such evidence tends to prove only criminal disposition. *United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983).[3] The rule is exclusionary only as to evidence admitted to establish bad character; as such, it very broadly recognizes admissibility of prior crimes for other purposes. *Id.; United States v. Beechum,* 582 F.2d 898, 910 (5th Cir. 1978); *see also United States v. King*, 703 F.2d 119, 125 (5th Cir. 1983). Further, the Fifth Circuit has repeatedly explained that any unfair prejudice from Rule 404(b) evidence may be mitigated, if not eliminated, when the district court gives a limiting instruction contemporaneously with the admission of the evidence. *See*, *e.g.*,

---

[3] In addition to the Fifth Circuit, every other federal circuit court has also emphasized that Rule 404(b) is a rule of inclusion that favors the admission of relevant extrinsic evidence. *See United States v. Bowie*, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("Rule 404(b) is a rule of inclusion rather than exclusion. Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance — for the purpose of proving that a person's actions conformed to his character.") (internal quotations omitted); *United States v. Carty*, 993 F.2d 1005, 1011 (1st Cir. 1993) ("Rule 404(b) is a rule of inclusion, not exclusion"); *United States v. Lyles*, 593 F.2d 182, 195 (2d Cir. 1979) ("this Court has reaffirmed its commitment to the inclusory form of the similar act evidence rule"); *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994) ("We have recognized that Rule 404(b) is a rule of inclusion rather than of exclusion."); *United States v. Weaver*, 282 F.3d 302, 313 (4th Cir. 2002) (same); *United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996) (same); *United States v. Jordan*, 722 F.2d 353, 356 (7th Cir. 1983) ("The draftsmen of Rule 404(b) intended it to be construed as one of inclusion, and not exclusion. They intended to emphasize the admissibility of other crime evidence.") (internal quotations omitted); *United States v. Jones*, 255 F.3d 916, 919 (8th Cir. 2001) ("Rule 404(b) ... is a rule of inclusion"); *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999) (same); *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997) (same); *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989) ("The rule is one of inclusion which allows such evidence unless it tends to prove only criminal propensity.").

*United States v. Moody*, 564 F.3d 754, 764 (5th Cir. 2009); *United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008); *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002).

## CONCLUSION

For the foregoing reasons and authorities, as well as those cited in the government's initial notice and in the government's opposition to Martin's motion to exclude prior acts evidence, the noticed evidence of Jackson's prior convictions should be admitted.

>Respectfully submitted,
>
>DUANE A. EVANS
>UNITED STATES ATTORNEY
>
>/s/ David Haller
>DAVID HALLER
>Assistant United States Attorney
>650 Poydras Street, Suite 1600
>New Orleans, Louisiana 70130
>Telephone: (504) 680-3117

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>/s/ David Haller
>DAVID HALLER
>Assistant United States Attorney

7