# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-177** |
| **v.** | * | **SECTION: "B"** |
| **SEAN MARTIN** | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

The above-named defendant, **SEAN MARTIN**, has agreed to plead guilty as charged to Count 2 of the Indictment. Count 2 charges **MARTIN** with possession with the intent to distribute a kilogram or more of a mixture or substance containing a detectable amount of heroin, 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, and a quantity of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C).

Should this matter have proceeded to trial, the United States of America would have proven beyond a reasonable doubt, through the introduction of relevant, competent, and admissible testimonial, physical and demonstrative evidence, the following facts to support the allegations against defendant **SEAN MARTIN**.

In late 2019, DEA and FBI conducted a wiretap investigation of a drug trafficking organization based in the New Orleans area, of which **SEAN MARTIN**, SEAN ESPRIT, and others were members. On October 23, 2019, the Honorable Sarah S. Vance, United States District Judge, Eastern District of Louisiana, issued an order under miscellaneous number 19-MC-12245, authorizing the interception of wire and electronic communications of a telephone assigned

AUSA _DH_
Defendant _SM_
Defense Counsel _[initials]_

number (504) 201-6450, which MARTIN used. The wiretap lasted approximately 30 days from late October 2019 to late November 2019.

After listening for a few days, agents realized that **MARTIN** was extremely guarded on the phone. He never spoke overtly about drugs and arranged meetings by referencing locations known to counterparties based on prior interactions without giving specific addresses. Nonetheless, agents were able to determine based on calls, geolocation information on **MARTIN's** phone, and surveillance that **MARTIN** was going to an area near the Esplanade at City Park apartments in conjunction with making deals. They were ultimately able to determine that **MARTIN's** son, co-defendant SEAN ESPRIT, had an apartment there. Agents obtained surveillance footage from the apartments showing **MARTIN** accessing ESPRIT's apartment before going to meet individuals to conduct drugs transactions. They thus came to believe that **MARTIN** was using ESPRIT's apartment as a stash location.

On November 18, 2019, DEA obtained a search warrant for ESPRIT's apartment. The following day, agents waited at the apartment until ESPRIT left and then executed the warrant surreptitiously. They entered the apartment around 11:00 a.m. Once inside the apartment, DEA agents searched the ceiling in the bathroom, where they seized several bags containing narcotics. Those narcotics were later tested by the DEA laboratory, which revealed the following: (1) one bag containing a mixture of heroin and fentanyl weighing 250.54 grams; (2) one bag containing heroin weighing 647.17 grams; (3) 9 bags containing a mixture of heroin and fentanyl weighing 285 grams; (4) one bag containing a mixture of heroin and fentanyl weighing 13.9 grams; (5) 2 bags containing a mixture of heroin and fentanyl weighing 13.38 grams; (6) two bags containing heroin, weighing 36.62 grams; (7) one bag containing heroin and cocaine weighing 8.24 grams;

AUSA _DU_
Defendant _SM_
Defense Counsel _gws_

and (8) two bags containing cocaine hydrochloride weighing 13.86 grams. In total, DEA seized 562.82 grams of a mixture of heroin and fentanyl; 683.79 grams of heroin; 8.24 grams of a mixture of heroin and cocaine; and 13.86 grams of cocaine hydrochloride.

**MARTIN** admits that he exercised knowing joint constructive possession of the drugs found during the search of ESPRIT's apartment. **MARTIN** admits that he accessed the stash prior to making sales and that he possessed the drugs found there with the intent to distribute them.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government, but rather is a minimum statement of facts intended to prove the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal and factual basis for **MARTIN's** plea of guilty to these crimes.

**READ AND APPROVED:**

_____     5/11/23
DAVID HALLER                                    (Date)
Assistant United States Attorney

_____     5/11/2023
GARY BIZAL                                        (Date)
Attorney for Defendant

_____     5/10/2023
SEAN MARTIN                                    (Date)
Defendant